## J. N. LUMMUS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24862.    Promulgated June 14, 1929.

*J. H. Kaiser, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

1048

OPINION.

Love: We find for the respondent upon this issue.

The petitioner relies upon section 204 of the Revenue Act of 1921. That section provides:

(a) That as used in this section the term "net loss" means only net losses resulting from the operation of any trade or business carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business) ; * * *

(b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; * * *

The net loss which we are considering did not result from the operation of any trade or business regularly carried on *by the taxpayer*. The operating loss was sustained by the corporation, which is not the petitioner. The loss to this petitioner resulted from the liquidation of his 31 per cent interest in the stock of the corporation, and we have heretofore held in a number of cases that such a loss was not a net loss from the *operation by the taxpayer* of a trade or business within the meaning of section 204 of the Revenue Act of 1921. See *J. J. Harrington,* 1 B. T. A. 11; *R. J. Palmer,* 4 B. T. A. 1028; *Wm. J. Robb,* 5 B. T. A. 827; *Harry J. Gutman,* 7 B. T. A. 500; *W. C. Harris,* 8 B. T. A. 1234.

The petitioner cites us to *Charles H. Van Etten*, 8 B. T. A. 611, wherein the Board sustained the petitioner. But that case is distinguished by the fact that we found that the trade or business regularly carried on by that taxpayer was to secure contracts with cities for garbage disposal, and incidentally to help finance such contracts through corporations by the investment of some of his personal funds. So, too, in *Philip Kobbe Co.*, 4 B. T. A. 663, and in *Oscar K. Eysenbach*, 10 B. T. A. 716, we found that the taxpayer's purchase of corporate stock was incidental to the real trade or business regularly carried on by those taxpayers.

In the case at bar it does not so appear. The petitioner was not present in person at the hearing and there was no testimony as to the nature of the trade or business that he regularly carried on.

However, upon the original of his income-tax return for 1921, which was introduced in evidence as " Petitioner's Exhibit No. 1," he swears that his " occupation, profession, or kind of business " was that of president of the Dade County Title Insurance & Trust Co. Surely it is no necessary or incidental part of the trade or business of the president of such an organization to speculate in stock of an oil company located in another State than that in which he resides.

*Judgment will be entered for the respondent.*